UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WIRELESS EVERYWHERE, LLC,          :
                         Plaintiff,       :
                                          :
v.                                        :
                                          :
IMRAN HASSAN,                             :
                         Defendant.       :
------------------------------------------------------------x

**ORDER**

21 CV 1702 (VB)

       Plaintiff brings this action invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332.

       To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

       "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019). A limited liability company ("LLC") has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

       Here, the complaint alleges defendant is domiciled in New York. It further alleges plaintiff is a Delaware LLC with its principal place of business located in Washington, D.C. However, the complaint identifies neither each individual or entity member of Wireless Everywhere, LLC, nor each individual or entity member's citizenship.

       Accordingly, by March 8, 2021, plaintiff's counsel shall submit a letter explaining in detail plaintiff's citizenship, including that of its constituent members, so that the Court can determine whether it has subject matter jurisdiction.

Dated: March 1, 2021
       White Plains, NY

                                   SO ORDERED:


                                   Vincent L. Briccetti
                                   United States District Judge